IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 1:20-cr-0031-SPB (Erie) |
| vs. ) | |
| ) | OPINION |
| GREGORY SAMUEL MANCINI, ) | |
| ) | |
| Defendant ) | |

RICHARD A. LANZILLO, United States Magistrate Judge.

Defendant Gregory Samuel Mancini is charged in a three-count indictment with (1) traveling in interstate commerce for the purpose of engaging in illicit sexual conduct, as defined in 18 U.S.C. § 2434(f), with another person in violation of sections 2423(b) and 2423(e) of Title 18 of the United States Code, (2) knowingly receiving and attempt to receive through means of interstate commerce, visual depictions of minors engaging in sexually explicit conduct, in violation of sections 2252(a)(2) and 2252(b)(1) of Title 18 of the United States Code, and (3) knowingly possessing and attempt to possess child pornography in violation of sections 2252(a)(4)(B) and 2252(b)(2) of Title 18 of the United States Code. This matter is before the Court on the Government's request for detention and Mancini's request for bail pursuant to 18 U.S.C. § 3142(f). For the reasons discussed below, Mancini is ORDERED detained. This Opinion will set forth the Court's written findings of fact and a written statement of the reasons for the detention as required by 18 U.S.C. § 3142(i).

I.      Background

Mancini, age 31, resides with his parents in Erie, Pennsylvania. Prior to his arrest, he was employed with a company known as Heatron, Inc., which is willing to re-employ him if he is released on bond. Mancini holds a master's degree in Curriculum and Instruction from Gannon University. He has no criminal record prior to charges of attempted child molestation and obscene

1

internet contact that were filed against him in Georgia state court in 2018. Some, but not all, of the conduct upon which the federal charges at issue in this matter are based also formed the basis for the charges in Georgia state court. In fact, material aspects of the conduct alleged here occurred while Mancini was released on bond conditions in the Georgia case.

II. Discussion

The applicable law regarding Mancini's bond determination is not in dispute. Generally, a defendant must be released on bond on the least restrictive condition or combination of conditions that will reasonably assure his/her appearance and the safety of the community. *See* 18 U.S.C. § 3142(c)(1)(B). However, a defendant must be detained if the Court determines that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and community." 18 U.S.C. § 3142(e)(1). If the Government moves for detention on the basis of danger to the community, as it has done so here, it must prove this by clear and convincing evidence. If the Government or the Court believes detention is appropriate because there is a risk of flight, this must be proven by a preponderance of the evidence. *See generally United States v. Abdullahu*, 488 F. Supp. 2d 433, 437–38 (D.N.J.2007), *recon. denied*, 2007 WL 1816010 (D.N.J. June 21, 2007).

If probable cause exists to believe that the defendant committed an offense listed under 18 U.S.C. § 2252(a)(1), which in this case is established by the return of the indictment against Mancini, then a rebuttable presumption arises that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e)(3). Once the rebuttable presumption is established, the burden is placed on defendant to produce evidence that he will appear and does not pose a threat to the community. *United States v. Carbone*, 793 F.2d 559, 560 (3d Cir. 1986). If the defendant meets this burden of production, the burden shifts back to the government to prove a risk of flight by a preponderance of

the evidence, or dangerousness by clear and convincing evidence. *United States v. Perry*, 788 F.2d 100, 114–15 (3d Cir.1986). The burden of persuasion always rests with the government. *Id.* Mancini does not dispute that this is a "rebuttable presumption" case.

During the detention hearing on August 18, 2020, Mancini successfully rebutted the presumption in favor of detention. His evidence and proffer included (1) the Pretrial Services Report and its recommendation of release on conditions, (2) the testimony of his mental health therapist who described Mancini's therapy to date and opined that he would benefit from continued therapy, (3) the testimony of his parents, both of whom expressed their willingness to serve as custodians of their son, (4) Mancini's long-time ties to the community and lack of criminal record prior to the charges in Georgia state court, and (5) the willingness of Mancini's employer to re-employ him if he is released on bond.

Despite the foregoing evidence, the undersigned finds that the Government has met its burden of proving by clear and convincing evidence that no condition or combination of conditions exists that will reasonably assure the safety of the community if Mancini is released.

In reaching this determination, the undersigned has considered each of the factors set forth in 18 U.S.C. § 3142(g). They include the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a minor victim, the weight of the evidence against the defendant, the history and characteristics of the defendant, and the nature and seriousness of the danger to any person or the community that would be posed if the defendant is released. 18 U.S.C. § 3142(g).

A danger to the community does not only include physical harm or violent behavior. *United States v. McCall*, 2018 WL 838968, *3 (W.D. Pa. Feb. 13, 2018); *United States v. Schenberger*, 498 F. Supp. 2d 738, 742 (D.N.J.2007). The concept of "safety" may include non-physical harm. *United States v. Provenzano*, 605 F.2d 85, 95 (3d Cir. 1979) (holding that "[a] defendant's propensity to

3

commit crime generally, even if the resulting harm would be not solely physical, may constitute sufficient risk of danger to come within contemplation of [the Bail Reform Act]"). In assessing a defendant's danger to the community, courts look at the nature and circumstances of the crime, the pre-sentence report, the defendant's prior criminal record, pending charges and any other factors indicative of the defendant's propensity to commit crime generally, or otherwise to endanger the community. *Id.* at 96.

The first factor the Court must examine to determine if bail should be granted is the "nature and circumstances" of the offense charged. This factor weighs in favor of detention. Mancini is charged not only with receipt and possession of large volumes of child pornography but also with traveling to Georgia for the purpose and with the intent to engage in sexual activity with a minor. These are heinous and insidious offenses. *United States v. MacEwan*, 445 F.3d 237, 249–50 (3d Cir.2006). The Third Circuit has acknowledged the dangers of child pornography and quoted congressional findings under 18 U.S.C. § 2251 which "repeatedly stress that child pornography 'is a form of sexual abuse which can result in physical or psychological harm, or both, to the children involved.'" *Id.* at 249 (*quoting* Child Pornography Prevention Act of 1996, Pub.L. No. 104–208, § 121, 110 Stat. 3009, 3009–26 (1996) (codified as amended at 18 U.S.C. § 2251)). Further, the Circuit quoted the same findings which indicate that "where children are used in its production, child pornography permanently records the victim's abuse and its continued existence causes the child victims of sexual abuse continuing harm by haunting those children in future years." *Id.* at 250. "The mere 'existence of and traffic in child pornographic images creates the potential for many types of harm in the community and presents a clear and present danger to all children'." *Id.* Furthermore, child pornography "inflames the desires of ... pedophiles ... who prey on children, thereby increasing the creation and distribution of child pornography and the sexual abuse and

4

exploitation of actual children who are victimized as the result of the existence and use of these materials." *Id.*

Further, the Court's analysis is not limited to examining only the "offense" charged. Congress intended for courts to examine defendant's actions in the context of all relevant background evidence. *Abdullahu*, 488 F. Supp. 2d at 439. This is especially important here where Mancini is alleged to have engaged in sexually explicit communications with a minor in an effort to groom him for sexual exploitation and, thereafter, while he was subject to criminal charges and bond restrictions based on that conduct, he is alleged to have continued to access and download child pornography in violation of his bond conditions. This alleged conduct demonstrates the ineffectiveness of bond conditions to protect the safety of the community.

The second factor the Court must examine in its detention analysis is the "weight of the evidence." This factor weighs in favor of detention. The evidence proffered by the Government was compelling and included forensic evidence and admissions of guilt allegedly made by Mancini.

The third factor the Court must examine in its detention analysis is the history and characteristics of the defendant. This factor favors release on bond. Mancini has significant ties to the community, has significant educational attainment, has maintained employment, and has the support of his parents.

The last factor the Court must examine in its detention analysis is the nature and seriousness of the danger to any person or the community if the defendant is released. This factor also favors detention in this case. The evidence supports that Mancini has been unable to control the impulses that prompted him to commit the conduct alleged in the indictment. This inability to control his conduct even manifested while he was subject to criminal charges in Georgia and related bond restrictions. Such conduct reflects a serious danger to minors and the entire community. The Court finds that releasing Mancini to the custody of his parents will not adequately mitigate this danger.

This observation in no way detracts from the sincerity of Mancini's parents. The Court must consider, however, that some of the conduct upon which the indictment is based occurred while Mancini was living in his parents' home and he was subject to restrictions on internet access and content.

"The ubiquitous presence of the internet and the all-encompassing nature of the information it contains are too obvious to require extensive citation or discussion." *United States v. Voelker*, 489 F.3d 139, 145 (3d Cir. 2007). Access to the internet is possible not only through desktop and laptop computers, but also by means of smart phones, tablets, smart televisions, and even game consoles. Electronic monitoring does not adequately address the ability to access phones and other devices that could be used for illicit activities, even if steps were taken to prevent the items from being present in the home. *United States v. Reiner*, 468 F.Supp.2d 393, 398–99 (E.D.N.Y. Nov. 9, 2006).

III.    Conclusion

For the foregoing reasons, the Court finds that detention is appropriate and has entered an Order of Detention Pending Trial.

Dated: August 18, 2020

*[signature]*
RICHARD A. LANZILLO
United States Magistrate Judge